# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONALD RIGGINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | |
| | § | _____ |
| **P.I. & I. MOTOR EXPRESS, INC.,** | § | |
| **AND JOE KEROLA, SR. AND** | § | **NO JURY DEMAND** |
| **JOSEPH KEROLA, JR.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT

Comes Now the Plaintiff, Ronald Riggins, by and through his undersigned counsel, and states the following:

## I.  INTRODUCTION

1. Plaintiff is a truck driver performing work solely within the State of Alabama wherein he was hauling items that originated in, and that were subsequently delivered in, the State of Alabama.

2. Plaintiff worked for Defendant PI&I Motor Express, Inc. (hereafter "PI&I") and PI&I intentionally misclassified Plaintiff as an independent contractor to avoid paying overtime compensation under the FLSA.

3. Joseph Kerola Sr. is the owner of PI&I and he also serves as its Chief

1

Executive Officer and President. Joseph Kerola, Sr. is a joint employer of Plaintiff under the FLSA.

4. Joseph Kerola Jr. at all relevant times was Defendant PI&I's Chief Operating Officer. Joseph Kerola, Jr. is a joint employer of Plaintiff under the FLSA.

## II. JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. The Court has subject matter jurisdiction over Plaintiff's FLSA claims based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

6. Jurisdiction is proper as to out of state Defendants Joe and Joseph Kerola as they were directly or jointly responsible for the alleged FLSA violation. See *Chambers v. Groome Transp. of Ala., Inc.*, 2014 U.S. Dist. LEXIS 176538 *7-15, 24 Wage & Hour Cas. 2d (BNA) 1660 (M.D. Ala. Dec. 12, 2014).

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) – (d) because Defendant PI&I operates in this district, and its contacts with this district are greater than it has with any other district in the state.

## III. PARTIES

8. Defendant P. I. & I. Motor Express Inc. maintains its principal place of business for its Alabama operations at 5901 12th Avenue East, Tuscaloosa, AL

35405.

9. Defendant Joe Kerola, Sr. resides at 420 Ravine Dr., Hubbard OH 44425-2247 and he maintains his principal place of business at 908 Broadway Ave., Masury, OH 44438.

10. Defendant Joseph Kerola, Jr. resides at 45 Forest Hill Dr., Hubbard OH 44425 and he maintains his principal place of business at 908 Broadway Ave., Masury, OH 44438.

11. At all relevant times Plaintiff Riggins was a resident of and domiciled in the Birmingham Alabama Metro area.

## IV. FACTUAL ALLEGATIONS

12. This action is brought pursuant to the FLSA, 29 U.S.C. '201 et seq. for equitable and declaratory relief and to remedy violations of the wage provisions of the FLSA by Defendants. These violations have deprived Plaintiff of his lawful wages.

13. This action is brought to recover unpaid compensation in the form of unpaid overtime wages resulting from Plaintiff's classification as an independent contractor.

14. From June 26, 2014 until March 13, 2015, Defendant had a policy and practice of classifying Plaintiff as an independent contractor.

15. Plaintiff was actually an employee of Defendant PI&I under the FLSA.

For purposes of determining whether an entity is an individual's potential employer under the FLSA, the Eleventh Circuit looks at numerous factors such as whether: 1) the defendant supervised, controlled, or scheduled the work of the plaintiffs, 2) the defendant had the power to discipline, hire or fire the plaintiffs, 3) the defendant maintains time records and determines the method and rates of pay for the plaintiffs, 4) the work performed by clients was specialized or skilled, 5) the plaintiff and the defendant have a long term work relationship, and 6) were the services rendered by the plaintiff an integral part of the defendant's business. *Solis v. A+ Nursetemps, Inc.*, 2013 U.S. Dist. LEXIS 49595 (M.D. Fla. April 5, 2016) citing *Mednick v. Albert Enterprises, Inc.*, 508 F.2d 297 (5th Cir. 1975); *Villarreal v. Woodman*, 113 F.d 202 (11th Cir. 1997); *Freund v. Hi-Tech Satellite, Inc.*, 185 Fed. Appx. 782 (11th Cir. 2006).

16.     Applying these factors, Defendant PI&I was Plaintiff's employer under the Fair Labor Standards Act of 1938 because:

   a.   PI&I is a motor carrier transporting freight and various good via flat bed trailer;

   b.   Plaintiff transported equipment while working for PI&I via flat bed trailer and as such his work was an integral part of PI&I's business;

   c.   PI&I set Plaintiff's schedule and work hours and as such Defendants had actual or constructive knowledge he was working up to and

beyond 72 hours a week;

        d.      PI&I set Plaintiff's rate per hour and this rate was non-negotiable;

        e.      PI&I did not set an overtime rate for hours Plaintiff worked in excess of 40 in a week and as such Defendants had actual or constructive knowledge that if Plaintiff worked in excess of 40 hours in a week, there was no provision for him to receive overtime compensation;

        f.      PI&I required Plaintiff to track his hours worked and turn those hours into PI&I where PI&I maintained those hours for purposes of calculating Plaintiff's pay.  As such Defendants had actual or constructive knowledge he was working up to and beyond 72 hours a week;

        g.      Accordingly, PI&I had actual or constructive knowledge that Plaintiff was working in excess of 40 in a week and that it was not paying overtime compensation for those hours in excess of forty;

        h.      Plaintiff did not issue bills or invoice PI&I for his work or services nor did he negotiate terms of credit with PI&I.  Instead, PI&I prepared these documents and paid the amounts it calculated to Plaintiff every two weeks via direct deposit into his account;

        i.      Because Plaintiff was paid hourly, there was no opportunity for him to increase his profitability based on his own efforts;

        j.      Plaintiff worked at a single location owned and operated by PI&I's

5

customer, U.S. Steel.

    k.    U.S. Steel was not Plaintiff's customer and it did not pay Plaintiff for his services.  As stated above, instead PI&I paid Plaintiff an hourly rate per hour;

    l.    PP&I limited the services Plaintiff was allowed to offer to U.S. Steel and actually prohibited his attempts to hall pipe or MPM rolls for U.S. Steel;

    m.    Plaintiff worked under PI&I's DOT number instead of his own;

    n.    PI&I procured all tags and fuel decals, in its name, necessary for Plaintiff to perform his work;

    o.    PI&I's safety and DOT compliance program was applicable to Plaintiff and PI&I required Plaintiff to follow it;

    p.    Even though Plaintiff did not think it was necessary that he complete DOT logs because his deliveries fell within a 25 mile radius, PI&I required him to complete DOT logs evidencing PI&I as his company.  Plaintiff was required to turn those logs into PI&I and if the logs were inaccurate, PI&I would require that he modify the same.

    q.    PI&I owned the trailers utilized by Plaintiff in his work;

    r.    PI&I provided health, dental, and vision benefits to Plaintiff and deducted such from his pay;

    s.    Plaintiff was dependent on PI&I for the income he received as he

had no customers of his own, and his work schedule set by PI&I did not allow him to work for anyone else;

  t. PI&I solely determined the insurance providers and insurance companies that would insure Plaintiff and the truck/trailer he drove. PI&I procured that coverage and deducted it from Plaintiff's compensation;

  u. PI&I provided Plaintiff a gas card, chosen at its sole discretion, and PI&I paid for the gas utilized in Plaintiff's truck up front;

  v. PI&I terminated Plaintiff's employment once after he failed to call in and not report for work as required. PI&I then hired him back;

  w. Plaintiff was directly supervised by PI&I employees, Troy Lambert and Richard Harwood;

  x. PI&I required Plaintiff purchase a tractor from it for use in his work for PI&I.

  y. Despite this requirement, after Plaintiff's termination, PI&I represented to local authorities that Plaintiff was its employee and that Plaintiff had stole its tractor.

17. Defendant PI&I's statements to local authorities describing Plaintiff as its employees evidences the defendants had actual or constructive knowledge that Plaintiff was misclassified as an independent contractor.

18. Throughout his employment with PI&I, Plaintiff's work occurred solely

within the State of Alabama.

19. Throughout his employment with PI&I Plaintiff transported equipment that was utilized by U.S. Steel in Alabama until it was in need of servicing, and then Plaintiff would deliver the equipment in need of repair to facilities in Alabama.

20. Plaintiff's deliveries remained within a 25 mile radius of where he picked they were picked up in the Birmingham Metro area.

21. Defendant PP&I was an employer enterprise engaged in interstate commerce as defined under the FLSA as it is a national company with terminals in more than 19 states where Defendants' employees utilized the instrumentalities of commerce to communicate back and forth with one another outside the states where they were located. Defendants' employees solicited business and executed contracts related to that business, crossing state lines to accomplish such.

22. For example, Sue Masury or Carly Kappelt, employees of PI&I, would communicate with Plaintiff from outside the State of Alabama while he was here in Alabama, and vise versa.

23. Plaintiff also engaged in interstate commerce because he regularly purchased fuel utilizing Defendant's Comdata credit card. These transactions crossed state lines via the instrumentalities of commerce at the time of the card's use and/or later wherein Defendant PI&I was subsequently billed for the

8

transaction and received the invoice outside the State of Alabama.

24. Individually and jointly, Defendant Joe Kerola and his son Joseph Kerola had day-to-day operational control over Defendant PI&I, they controlled its financial affairs, they approved financial expenditures, they developed and implemented programs under which drivers are employed, and they had the ability to implement policies that cause PI&I to compensate Plaintiff in accordance with the FLSA, or not compensate Plaintiff in accordance with the FLSA.

25. Their own willful acts and reckless disregard, or in the alternative, their negligence and erroneous acts or omissions, caused the FLSA violations at issue.

26. As such, under Eleventh Circuit precedent, Defendants Joe and Joseph Kerola are personally liable, jointly and severally, for their violations of the FLSA and or any violations by Defendant PI&I. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313, 2013 U.S. App. LEXIS 4599 **25, 163 Lab. Cas. (CCH) P36,103, 20 Wage & Hour Cas. 2d (BNA) 564, 90 Fed. R. Evid. Serv. (Callaghan) 1128, 24 Fla. L. Weekly Fed. C 97, 2013 WL 811906 (11th Cir. Fla. Mar. 6, 2013).

## V.   OVERTIME VIOLATIONS

27. Plaintiff was scheduled to work six (6), twelve (12) hour days on weekly basis.

28. Plaintiff consistently worked his schedule and as such during the three

year period made basis of this suit, Plaintiff worked in excess of forty hours in a week without receiving overtime pay at the legally prescribed rates for that work.

29. Here, the three (3) year statute of limitation applies because Defendant PI&I willfully and in bad faith violated the overtime provisions of the FLSA with regard to Plaintiff.

30. In the alternative, based on the factual assertions outlined above in Paragraphs 13-23, any decision by Defendants PI&I and/or the Kerolas to classify Plaintiff as an independent contractor, or individuals holding positions substantially similar to Plaintiff as independent contractors, were made with reckless disregard for the underlying facts supporting the parties' relationship and the law, thereby also triggering the three (3) year statute of limitations. *Gilbert v. City of Miami Gardens*, 625 Fed. Appx. 370, 2015 U.S. App. LEXIS 14554 (11th Cir. Fla. Aug. 19, 2015); *Lopez-Easterling v. Charter Communs.*, LLC, 2016 U.S. Dist. LEXIS 29989 *20-25, 26 Wage & Hour Cas. 2d (BNA) 596, 2016 WL 892774 (N.D. Ala. Mar. 9, 2016).

31. In addition to the amount of unpaid wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §216(b), or in the alternative pre-judgment interest.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff pursuant to §216(b) of the FLSA, prays for the

following relief:

      a.    An order awarding damages in the amount of his respective unpaid compensation during the three year period preceding the filing of this complaint, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

      b.    An order pursuant to the Declaratory Judgment Act finding Defendants' practices illegal and in violation of the FLSA;

      c.    An order awarding reasonable attorneys' fees, including the costs and expenses of this action;

      d.    Such other legal and equitable relief including, but not limited to, any declaratory relief to which they may be entitled

Dated: June 26, 2017                      Respectfully submitted,

                                                  s/ Robert J. Camp

                                                  _____
ROBERT J. CAMP
rcamp@wigginschilds.com
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

Counsel for Plaintiff

**PLAINTIFF REQUEST THAT DEFENDANTS BE SERVED WITH SUMMONS AND COMPLAINT BY FIRST CLASS U.S. CERTIFIED MAIL.**

**DEFENDANTS' ADDRESSES:**

Joe Kerola, Sr.
908 Broadway Avenue
Masury, OH 44438

Joseph Kerola, Jr.
908 Broadway Avenue
Masury, OH 44438

P. I. & I. Motor Express Inc.
5901 12th Avenue East
Tuscaloosa, AL  35405


                    *s/Robert J. Camp*
                    **OF COUNSEL**