# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RONALD RIGGINS,** ] | |
| ] | |
|    **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.** |
| ] | **2:17-CV-1084-KOB** |
| **P. I. & I. MOTOR EXPRESS, INC.,** ] | |
| **et al.,** ] | |
| ] | |
|    **Defendants.** ] | |

## MEMORANDUM OPINION

This fraud and breach of contract case comes before the court on Plaintiff Ronald Riggins's "Motion to Dismiss P. I. & I.'s Counterclaims" (doc. 20). The court will GRANT IN PART AND DENY IN PART Mr. Riggins's motion to dismiss the counterclaim.

The court will GRANT the motion as to P. I. & I.'s unjust enrichment claim because P. I. & I. consents to its dismissal. The court will DISMISS WITH PREJUDICE P. I. & I.'s unjust enrichment allegation. However, for the reasons discussed below, the court will DENY Mr. Riggins's motion to dismiss the counterclaim in all other respects.

## STANDARD OF REVIEW

Courts evaluate a Rule 12(b)(6) motion to dismiss a counterclaim using the same standard as a motion to dismiss a complaint. Generally, the Federal Rules of Civil Procedure require only that a counterclaim provide "'a short and plain statement of the claim' that will give the [counterclaim defendant] fair notice of what the [counterclaim plaintiff's] claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A counterclaim plaintiff must provide the grounds of his entitlement, but Rule 8 generally

does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the counterclaim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## **BACKGROUND**

*A. Facts*

The court takes the facts as alleged in P. I. & I.'s countercomplaint (doc. 11) as true. P. I. & I. provides truck drivers for U.S. Steel's plant in Fairfield, Alabama. Mr. Riggins was, for a time, one of those truck drivers.

In 2010, Mr. Riggins and P. I. & I. entered into a contract. Mr. Riggins promised to haul steel and related materials for U.S. Steel in Fairfield. In exchange, P. I. & I agreed to pay Mr. Riggins based on "shipping logs and hourly time records" that Mr. Riggins submitted to P. I. & I. reflecting the time he worked at U.S. Steel's plant.

Under the arrangement, Mr. Riggins submitted his shipping logs and hourly time records to P. I. & I., and P. I. & I. forwarded them to U.S. Steel. U.S. Steel then paid P. I. & I. for Mr. Riggins's work, and, finally, P. I. & I. paid Mr. Riggins. Mr. Riggins worked for P. I. & I. and U.S. Steel from May 2010 through March 2015.

On March 9, 2015, U.S. Steel told P. I. & I. that Mr. Riggins could no longer work at the Fairfield plant. U.S. Steel told P. I. & I. that Mr. Riggins had been falsifying his shipping logs and time records, leading to U.S. Steel's overpaying P. I. & I.

P. I. & I. initially maintained that Mr. Riggins's records—and U.S. Steel's payments to P. I. & I. under their contract—were proper. However, in a November 2016 meeting, U.S. Steel told P. I. & I. that it overpaid P. I. & I. $350,000 between January 2012 and December 2014.[1] And P. I. & I. learned that U.S. Steel had been "track[ing] the logistics of all deliveries entering and leaving its Fairfield plant including the number of hours each owner operator spent within the Fairfield plant." (Doc. 11 at 9). This evidence convinced P. I. & I. that Mr. Riggins falsified the documents.

*B. P.I. & I.'s Counterclaim Allegations*

P. I. & I. alleges that Mr. Riggins committed fraud, breached their contract, and unjustly enriched himself by his actions. As noted above, P. I. & I. consents to dismissal of its unjust enrichment allegation.

As to fraud, P. I. & I. alleges that Mr. Riggins knowingly and intentionally submitted falsified time logs and shipping documents to U.S. Steel. P. I. & I. adds that Mr. Riggins owed it a duty to report these logs and documents accurately under their contract. P. I. & I. states that it relied on those documents in requesting and receiving payment from U.S. Steel. In addition,

---

[1] U.S. Steel's estimation also included overpayments to another P. I. & I. driver not involved in this lawsuit.

P. I. & I. states that it overpaid Mr. Riggins by "approximately $179,161" because of the alleged fraud.

As to breach of contract, P. I. & I. states that Mr. Riggins's submission of falsified logs and records breached their contract that required him to submit those records accurately.

## **DISCUSSION**

Mr. Riggins argues that the court must dismiss P. I. & I.'s countercomplaint under Rules 9(b) and 12(b)(6). The court addresses Mr. Riggins's arguments toward P. I. & I.'s fraud allegation first and his argument toward P. I. & I.'s breach of contract allegation second.

*A. Fraud*

Mr. Riggins raises four arguments challenging P. I. & I.'s fraud allegations. He argues that the countercomplaint fails to meet Rule 9(b)'s heightened pleading requirements; that P. I. & I.'s countercomplaint fails to plead reasonable reliance; that P. I. & I. cannot plead fraud and breach of contract together; and that P. I. & I.'s fraud allegation is time barred. Mr. Riggins's arguments are unconvincing.

*a. Rule 9(b)*

Mr. Riggins argues that the court must dismiss P. I. & I.'s fraud allegation because it fails to meet the heightened pleading requirements under Fed. R. Civ. P. 9(b). Rule 9(b) of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Rule 9(b), when pleading a fraud claim, "a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which those statements misled the [p]laintiff; and (4) what the defendants gained by the alleged

fraud.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

But Rule 9(b) does not require a plaintiff to set out each and every misrepresentation or fraudulent act and the time of its occurrence when he alleges a "prolonged multi-act scheme[.]" *See U.S. ex rel. Clausen v. Laboratory Corp. of Amer., Inc.*, 290 F.3d 1301, 1314 & n.25 (11th Cir. 2002). Furthermore, courts should read Rule 9(b) in conjunction with Rule 8, which directs plaintiffs to provide only a short and plain statement of the claim that entitles him to relief. *Hill v. Morehouse Medical Assocs., Inc.*, 2003 WL 22019936, at *3 (11th Cir. Aug. 15, 2003). Ultimately, the purpose of Rule 9(b) is to ensure that fraud allegations are not spurious and that the complaint alerts the defendant to the precise misconduct that the plaintiff alleges against him. *Id.* at *3-*5.

Mr. Riggins asserts that P. I. & I. has failed to satisfy elements one, two, and three. However, P. I. & I. alleges that the fraud involved falsifications of the shipping and time records that Mr. Riggins submitted to U.S. Steel, thus satisfying the requirement to plead the precise statements and misrepresentations. P. I. & I. further alleges that it overpaid Mr. Riggins by $179,161 based on Mr. Riggins's misrepresentations about the amount of time he worked. P. I. & I. likewise identified the time period for the misrepresentations, between January 2012 and December 2014. Having provided that information to Mr. Riggins and the court, P. I. & I. did not need to set out, in detail, every alleged misrepresentation present in those logs or the time Mr. Riggins made each misrepresentation to successfully plead its fraud claim under Rule 9(b). P. I. & I.'s identification of the time period alongside the approximate total amount gained by Mr. Riggins is enough to satisfy Rule 9(b)'s mandate in the context of this case, which involves repeated false submissions over a period of years.

5

As to the third element, P. I. & I. pled that it relied on the misrepresentations to determine how much U.S. Steel needed to pay P. I. & I. for that work and how much P. I. & I. needed to pay Mr. Riggins. P. I. & I. billed U.S. Steel based on Mr. Riggins's alleged misrepresentations and ultimately refunded U.S. Steel for its overbilling.

Finally, as noted, Mr. Riggins does not contest that P. I. & I. sufficiently pled the fourth element, that is, Mr. Riggins's alleged gain from the fraud. P. I. & I. has thus pleaded its fraud claim with sufficient particularity to survive scrutiny under Rule 9(b). The countercomplaint sufficiently alerts Mr. Riggins about the precise nature of the fraud claim against him and the court is satisfied that P. I. & I.'s fraud claim is non-spurious.

    *b. Failure To Plead Reasonable Reliance*

Mr. Riggins also asserts that the court should dismiss P. I. & I.'s fraud counterclaim because P. I. & I. failed to allege that it reasonably relied on Mr. Riggins's fraudulent actions. *See Exxon Mobile Corp. v. Ala. Dep't of Conserv. And Nat. Res.*, 986 So. 2d 1093 (Ala. 2007). Mr. Riggins states that "P. I. & I. simply states it relied on Riggins'[s] fraud without touching on the reasonableness of that reliance" and argues that the complaint lacks facts that permit the court to infer that P. I. & I. reasonably relied on Mr. Riggins's alleged fraudulent statements.

As an initial matter, Mr. Riggins quibbles about whether P. I. & I. alleges "general" fraud, misrepresentation, suppression, or all three. P. I. & I. only pleads fraud by misrepresentation. And, in its response to Mr. Riggins's motion to dismiss, P. I. & I. only cites the elements of fraud by misrepresentation. Although P. I. & I. calls its allegation "general" fraud, all legal roads in which an Alabama plaintiff claims "general" fraud, "legal" fraud, or "misrepresentation" lead back to the same place, Alabama Code § 6-5-101, which defines one particular way to prove the fraud cause of action. Section 6-5-101 appears to define a cause of

action with many names but a single and identical set of elements. *See, e.g.*, *Billy Barnes Enters., Inc., v. Williams*, 982 So. 2d 494, 499 (Ala. 2007) ("legal fraud"); *Exxon Mobile Corp.*, 986 So. 2d 1093 ("fraud"); *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 422-23 (Ala. 1997) ("misrepresentation"). For ease of reference, the court will call the cause of action "misrepresentation."[2]

To prove fraudulent misrepresentation a plaintiff must establish: (1) a false representation (2) of a material fact; (3) made willfully, recklessly, or mistakenly; (4) reasonably relied upon by the plaintiff; and (5) damage to him as a proximate result of his reliance. *See Billy Barnes Enters.*, 982 So. 2d at 499.

Mr. Riggins argues only that P. I. & I. has failed to plead facts showing that P. I. & I. reasonably relied on the alleged misrepresentations. The court disagrees. The complaint contains non-conclusory, factual allegations from which a jury could infer that P. I. & I. acted reasonably by relying on Mr. Riggins's misrepresentations. For example, P. I. & I. alleges that it had an employment-type relationship with Mr. Riggins and that it relied on Mr. Riggins's representations made as part of that relationship. Such a relationship where an employer relies on its employees' or contractors' representations[3] about the time they worked without significant independent verification is not atypical; a jury could conclude that, in this case, such reliance was reasonable. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

---

[2] Mr. Riggins asks the court to dismiss P. I. & I.'s suppression claim. But, because P. I. & I. did not plead suppression, the court has no suppression claim before it to dismiss.

[3] Although not an issue in the pleadings involved in this motion to dismiss, the parties appear to dispute whether Mr. Riggins was an employee of P. I. & I. or an independent contractor.

7

      *c. Alternative Pleading With Breach of Contract*

Next, Mr. Riggins contends that P. I. & I. cannot allege both a fraud and a breach of contract claim based on the same set of facts. Mr. Riggins states that "P. I. & I. expressly incorporates its breach of contract claim and factual assertions supporting such into its fraud claim thereby destroying any independent basis for the claim and it failed to allege any independent promises outside the alleged contract." (Doc. 20 at 11). Mr. Riggins misunderstands the state of the law on this issue.

No Alabama Supreme Court case holds that a fraud and breach of contract claim cannot coexist anytime "the fraud and breach of contract claim arise out of the same set of facts" as Mr. Riggins suggests. (*Id.*). In fact, the Alabama Supreme Court has said the opposite: "a single transaction can support an award of damages for both breach of contract and fraud." *Deupree v. Butner*, 522 So. 2d 242, 244 (Ala. 1988).

Mr. Riggins appears to be incorrectly referencing Alabama cases, such as *U.S. Fidelity & Guaranty Co. v. McKinnon*, 356 So. 2d 600 (Ala. 1978), that merely enforce the principle that a jury cannot return verdicts that are inconsistent as a matter of law. In *McKinnon*, for example, the Alabama Supreme Court vacated a jury verdict that would have found that the defendant (1) breached a valid contract *and* (2) misrepresented that the contract existed when it, in fact, did not. 356 So. 2d at 607. The jury's verdict required inconsistent findings on whether a contract existed; the defendant could not falsely represent that a contract existed when it did not *and* breach the ostensibly non-existent contract. *Id.* ("May damages be recovered for breach of an existing contract and at the same time recover damages for fraud for representing there was a contract when, in fact, there was none? We think not.").

Here, P. I. & I. alleges that Mr. Riggins breached a provision of a contract and that, in addition to breaching that contract provision, committed actionable fraud. That the same act or acts gave rise to both causes of action does not matter. A jury could find in P. I. & I.'s favor on both issues without making inconsistent findings.[4]

   d. *Time-Bar*

Mr. Riggins asserts that P. I. & I's fraud claim is time barred because P. I. & I. failed to assert it within two years of its accrual. *See* Ala. Code § 6-2-38(l). Mr. Riggins argues that the facts alleged by P. I. & I. show that P. I. & I. knew about the alleged fraud, at the latest, on March 9, 2015, when U.S. Steel told P. I. & I. that it would no longer permit Mr. Riggins to work at the Fairfield plant.[5]

The two-year time period for asserting a fraud claim begins when a party first *discovers* the fraud, either by actual discovery or by discovering facts that would provoke a reasonable person to inquire and thereafter discover the fraud. *Dickinson v. Land Developers Constr. Co.*, 882 So. 2d 291, 298 (Ala. 2003). P. I. & I. filed its fraud counterclaim on August 8, 2017, so the claim is time barred if P. I. & I. discovered or should have discovered the fraud before August 8, 2015.

Based on the pleadings, the court cannot conclude as a matter of law that P. I. & I. actually knew or should have known about the alleged fraud before August 8, 2015. Although

---

[4] To be sure, P. I. & I., like any litigant, can recover its compensatory damages only once. That is, P. I. & I. would not be entitled to recover the total amount of its compensatory damages under its breach of contract claim and also its misrepresentation claim. However, a jury instruction suffices to prevent that result. *Deupree*, 522 So. 2d at 244-45 (holding that a double recovery did not occur in breach of contract and fraud case where trial judge instructed jury that it could not award a double recovery).

[5] Mr. Riggins also asserts that P. I. & I. knew that he made "on average $59,720.33 above and beyond market pay," such that "such excessive compensation for a local delivery [driver] should have glaringly provoked an inquiry by P. I. & I. . . . ." (Doc. 20 at 12-13). However, that fact or allegation is outside the pleadings, so the court will not consider it.

9

U.S. Steel appears to have notified P. I. & I. that it thought Mr. Riggins had been falsifying the logs in March 2015, P. I. & I. did not obtain evidence supporting U.S. Steel's claim until November 2016, when U.S. Steel provided its own records to contradict Mr. Riggins's submissions. A question exists whether a reasonable person would have been provoked to inquire and thereafter discover Mr. Riggins's fraud before August 8, 2015. But the court cannot answer that question in Mr. Riggins's favor on the pleadings. *See Dickinson*, 882 So. 2d at 298 ("The question of when a party discovered or should have discovered the fraud is generally one for the jury.") (alteration and quotation marks omitted).

*B. Breach of Contract*

Finally, Mr. Riggins argues that P. I. & I.'s breach of contract counterclaim fails to state a claim upon which relief can be granted because P. I. & I. makes a conclusory statement that a valid contract existed between the parties. "The elements of a valid contract include: an offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *See Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009).

P. I. & I.'s allegations about the contract are factual, non-conclusory, and sufficient for the court and a jury to infer the existence of a valid contract. In its countercomplaint, P. I. & I. notes the parties' mutual obligations under the alleged contract as well as the date the parties entered into the contract. Making reasonable inferences from those facts, as the court is required to do at this stage, the court has no trouble concluding that a jury could find that a valid contract existed between Mr. Riggins and P. I. & I.

## **CONCLUSION**

The court will GRANT IN PART AND DENY IN PART Mr. Riggins's motion to dismiss. P. I. & I.'s unjust enrichment claim will be DISMISSED WITH PREJUDICE. The

motion will be DENIED in all other respects.  The court will contemporaneously enter an Order in conformity with this Opinion.

      **DONE** and **ORDERED** this 26th day of April, 2018.

                                              **KARON OWEN BOWDRE**
                                              CHIEF UNITED STATES DISTRICT JUDGE